**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3070
_____

UNITED STATES OF AMERICA

v.

CORY CANZATER,
                                        Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-18-cr-00578-002)
District Court Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 23, 2021
_____

Before: McKEE, RESTREPO, and ROTH, *Circuit Judges*

(Opinion filed: February 3, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Cory Canzater appeals his convictions for distributing and conspiring to distribute heroin and crack cocaine. The only issue on appeal is whether the District Court erred in admitting a recording of a telephone call between three of Canzater's co-conspirators. For the reasons that follow, we hold that the challenged evidence was properly admitted under Federal Rule of Evidence 801(d)(2)(E) and affirm the convictions.

I.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement made by a "party's coconspirator during and in furtherance of the conspiracy" is not hearsay if it is offered against that party.[1] For an out-of-court co-conspirator statement to be admitted as substantive evidence, the district court must find by a preponderance of the evidence "(1) that a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy."[2] To prove these elements, the government "may rely on the co-conspirators statements themselves, if they are corroborated by independent evidence."[3]

---

[1] *United States v. Turner*, 718 F.3d 226, 231 (3d Cir. 2013) (quoting Fed. R. Evid. 801(d)(2)(E)).

[2] *United States v. McGlory*, 968 F.2d 309, 333 (3d Cir. 1992) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

[3] *Turner*, 718 F.3d at 231 (citing *Bourjaily*, 483 U.S. at 181).

Where the district court explicitly finds that a conspiracy existed,[4] the appeals court "review[s] the district court's findings as to these elements for clear error."[5] Clear error exists "when giving all due deference to the opportunity of the trial judge to evaluate the credibility of witnesses and to weigh the evidence, we are left with a definite and firm conviction that [a] mistake has been committed."[6]

To prove the existence of a conspiracy, "the government must establish a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that goal."[7] A conspiracy "can be inferred from evidence of related facts and circumstances from which it appears as a reasonable and logical inference, that the activities of the participants . . . could not have been carried on except as the result of a preconceived scheme or common understanding."[8] However, the government need not prove that each participant of the conspiracy "knew all of the conspiracy's details, goals, or other participants."[9]

## II.

Canzater challenges the admission of a recording of a three-way telephone call placed from jail by Ahmad Johnson (the "Johnson Jail Call"), the leader of the drug trafficking organization ("DTO") in this case, to two other co-conspirators: his girlfriend,

---

[4] *United States v. Cruz*, 910 F.2d 1072, 1081 n.11 (3d Cir. 1990).
[5] *United States v. Ellis*, 156 F.3d 493, 496 (3d Cir. 1998).
[6] *Turner*, 718 F.3d at 231 (alteration in original) (quoting *Com. Nat'l. Ins. Servs., Inc. v. Com. Ins. Agency, Inc.*, 214 F.3d 432, 435 n.1 (3d Cir. 2000)).
[7] *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999).
[8] *Id.* (omission in original) (quoting *United States v. Kapp*, 781 F.2d 1008, 1010 (3d Cir. 1986)).
[9] *Id.*

3

Sasha Negron, and his brother, Rahim Johnson.[10] Canzater argues that the District Court erred by admitting the Johnson Jail Call, in which he did not participate, because the call was evidence of a separate and distinct conspiracy that did not involve Canzater.

The government established the existence of the charged conspiracy through text messages and phone calls between Canzater and Ahmad Johnson, along with eyewitness and physical evidence of drug transfers involving Canzater and his co-conspirators in the DTO. Notably, Canzater and Ahmad Johnson discussed heroin and crack cocaine ("paper" and "chips") over a series of text messages just two days before the Johnson Jail Call. The District Court also reasonably found that the other participants of the Johnson Jail Call were Ahmad Johnson's "trusted associates and conspirators" in the same DTO of which Canzater was a part.[11]

The statements made during the call about Ahmad Johnson's supply of drugs were independently corroborated and thus reliable. Federal agents found heroin and crack cocaine at Negron's residence the day after the Johnson Jail Call. Negron and Rahim had taken the drugs there at Johnson's direction, which established that Negron and Rahim were members of the conspiracy. Federal agents also testified about their observations

---

[10] The government contends that Canzater waived his claim that the Johnson Jail Call was inadmissible hearsay because he did not preserve the claim in his opening brief. However, Canzater made a hearsay objection at trial, and then raised a hearsay argument in his opening brief. Therefore, we will not treat the claim as waived. *See, e.g.*, *Lippay v. Christos*, 996 F.2d 1490, 1497 n.8 (3d Cir. 1993) (finding the defendant did not waive his evidentiary claim where the defendant objected on hearsay grounds at the time of testimony); *United States v. Mitchell*, 365 F.3d 215, 257 (3d Cir. 2004) (finding the defendant did not preserve his objection for appeal after failing to make *any* hearsay objection at all at trial).
[11] App. 540.

from the May 12, 2017 drug deal that Canzater completed on behalf of the DTO, and the government introduced the heroin and crack cocaine seized from that sale.

Accordingly, the District Court did not commit clear error in concluding that the government had established Canzater was a member of a conspiracy that included the participants of the Johnson Jail Call and that the call was made during the course of and in furtherance of that conspiracy.